# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

FRANCISCO F. HERNANDEZ,

    Plaintiff,

v.                                                Case No. 5:18-cv-167-TKW/MJF

K. GIPSON AND L. ERBACHER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's Motion requesting a temporary restraining order, (Doc. 41), and Defendant Gipson's response in opposition, (Doc. 50).[1]

**I.    Background**

Plaintiff commenced this action against the Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants misplaced his legal documents and denied him access to the courts. Plaintiff filed the instant motion seeking a temporary restraining order and a permanent injunction that would preclude the Florida Department of Corrections ("FDC") from transferring him to the Northwest Florida Reception

---

[1] This case was referred to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Center, because that is where Defendants had been employed. He argues that a transfer to the Northwest Florida Reception Center could result in his legal paperwork being "misplaced" or lost, and he may face physical retaliation for initiating this lawsuit. The day after Plaintiff filed his motion for a temporary restraining order, the FDC temporarily transferred him to the Northwest Florida Reception Center, and the next day transferred him to the Desoto Annex.

**II.   Discussion**

In determining whether a moving party is entitled to a temporary restraining order or preliminary injunction, the court must evaluate the following four criteria:

(1) whether it is substantially likely that the movant will prevail on the merits of his claims;

(2) whether the movant will suffer irreparable injury unless the temporary restraining order is issued;

(3) whether the injury to the movant outweighs whatever danger the proposed temporary restraining order may cause the opposing party; and

(4) whether a temporary restraining order would be adverse to the public interest.

*Parker v. State Bd. of Pardon and Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001); *see CBS Broadcasting, Inc. v. Echostar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774, 781 (11th Cir. 1984); *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974). A temporary

restraining order, like a preliminary injunction, is an "extraordinary" remedy that should not to be granted unless the movant clearly establishes the burden of persuasion as to the four factors noted above. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *Schmitt v. Reimer*, No. CV 110-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010).  Courts should keep in mind that the purpose of preliminary injunctive relief or a temporary restraining order is to preserve the status quo and thereby prevent irreparable injury until the merits of the lawsuit can be litigated. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537; *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986).

Plaintiff's transfer from the Northwest Florida Reception Center to the Desoto Annex has rendered his request for a temporary restraining order moot. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (noting that an inmate's release from prison mooted his request for injunctive relief). Plaintiff has not alleged that the FDC likely will transfer him back to the Northwest Florida Reception Center in the future. Because Plaintiff has not alleged that the FDC likely will transfer him back to the Northwest Florida Reception Center, he has not demonstrated a need for a temporary restraining order.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's motion for a temporary restraining order, (Doc. 41), be **DENIED**.

At Panama City, Florida, this 12th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.