UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANCISCO F. HERNANDEZ,

    Plaintiff,

v.                                            Case No.  5:18-cv-167-TKW/MJF

K. GIPSON and L. ERBACHER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this court on Defendants' respective motions to dismiss. (Docs. 34, 56). Despite being afforded an opportunity to do so, Plaintiff did not respond to either motion to dismiss. For the reasons set forth below, the undersigned recommends that this action be dismissed for failure to state a claim on which relief can be granted.[1]

### I. Background

**A.**  **Plaintiff's Criminal Conviction**

On June 28, 2012, Plaintiff was found guilty of robbery and sentenced to serve fifteen years of imprisonment in Brevard County Circuit Court Case No. 05-2011-

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

CF-040753.[2] Plaintiff appealed his conviction, but the Fifth District Court of Appeal affirmed *per curiam*. *Hernandez v. State*, 118 So. 3d 813 (Fla. 5th DCA 2013). Plaintiff subsequently moved to set aside his judgment and sentence, but the motion was denied. Additionally, his appeal of that denial was dismissed as untimely by the Fifth District Court of Appeal in Case No. 5D14-4583. Plaintiff then moved for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, in which he argued ineffective assistance of counsel. Plaintiff's motion was denied on October 24, 2016, and Plaintiff appealed. The Fifth District Court of Appeal affirmed the denial of post-conviction relief on November 17, 2017. *See Hernandez v. State*, 234 So. 3d 775 (Fla. 5th DCA 2017).

**B.     Plaintiff's § 2254 Action**

On April 18, 2018, Plaintiff filed a motion for extension of time to file a petition pursuant to 28 U.S.C. § 2254. *Hernandez v. State of Florida*, No. 5:18-cv-98-MCR/CAS (N.D. Fla. Apr. 18, 2018) (ECF No. 1). In that motion, Plaintiff alleged that the "institutional staff" misplaced or lost his legal documents relating to his claim. *See* (*Id.*). District Court Judge M. Casey Rodgers subsequently transferred

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

that action to the United States District Court for the Middle District of Florida. (*Id.* at ECF No. 4).

A magistrate judge in the Middle District denied Plaintiff's motion for an extension of time and explained that the district court did "not have blanket authority to extend the AEDPA deadline for filing a § 2254 petition. Rather, the Eleventh Circuit has held that 'the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Hernandez v. State of Florida*, No. 6:18-cv-00838-GKS-GJK (M.D. Fla. June 12, 2018) (ECF No. 7 at 1-2). The magistrate judge directed Plaintiff to file a habeas petition—in which Plaintiff could argue equitable tolling—and to pay the $5.00 habeas corpus filing fee. (*Id.* at 2-3). A district court judge dismissed Plaintiff's § 2254 action after Plaintiff failed to comply with the magistrate judge's order and pay the filing fee. (*Id.* at ECF No. 11).

C.  **Plaintiff's Current Civil Action**

Plaintiff commenced this section 1983 action against Defendant K. Gipson and L. Erbacher. He alleges that these Defendants deprived him of "legal work, documents, papers, materials, and records" in violation of his First, Fifth, and Fourteenth Amendment rights. (Doc. 27 at 8). In particular, Plaintiff alleges that on January 18, 2018, the Florida Department of Corrections transferred him from

Jefferson Correctional Institution to the Northwest Florida Reception Center ("NWFRC"). (*Id.* at 5). While he was receiving a pre-confinement assessment from the medical department and escorted to solitary confinement, Defendants Erbacher and Gipson were supposed to transport his legal documents to the NWFRC property room to be inventoried and stored. (*Id.*). Plaintiff alleges that during the inventory process Defendants Erbacher and Gipson misplaced or lost all of his legal papers, documents, and materials. (*Id.*).

Plaintiff asserts that Defendants' actions prevented him from seeking federal habeas relief relating to his Florida criminal conviction. (*Id.* at 7). Although Plaintiff does not identify the case number or the court in which he filed his § 2254 petition, presumably Plaintiff is referring to the § 2254 action discussed above. Plaintiff also alleges that Defendants deprived him of his property without affording him due process of law. (*Id.*).

## II.   Standard

A motion to dismiss a complaint for failure to state a claim on which relief can be granted is assessed according to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### III.   Discussion

**A.   <u>Denial of Access to the Courts Claim</u>**

Plaintiff's second amended complaint seeks to state a claim of denial of access to the courts.  (Doc. 27 at 8).

Prisoners enjoy "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1997); *Cruz v. Beto*, 405 U.S. 319, 321 (1972); *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). An inmate plaintiff claiming denial of access to the courts must allege and "prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* (citation omitted). As in every complaint, the factual allegations regarding injury "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)).

In *Christopher*, the Supreme Court discussed the requirements for alleging a claim of denial of access to the courts. 536 U.S. at 415. In that case, the plaintiff alleged that she was denied access to the courts because the federal government withheld information from her that was essential to discovering and litigating a claim relating to her husband's torture and murder. *Id.* at 405. In her complaint, however, plaintiff failed to state with particularity what cause of action she could have brought

had the federal government given her access to the information it allegedly concealed. *Id.*

The Supreme Court set forth the prerequisite for pleading a claim of denial of access to the courts. It held that "the underlying cause of action . . . is an element that *must be described in the complaint . . . .*" *Id.* at 415 (emphasis added). The Court also stated that the plaintiff must describe the claim for which he was denied access to the courts with sufficient detail to permit a district court "to apply the nonfrivolous test and to show that the 'arguable' nature of the underlying claim is more than mere hope." *Id.* at 416. To accomplish that, the complaint must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . ." in the plaintiff's federal action. *Id.* at 417.

Here, in his second amended complaint, Plaintiff alleges that he filed a federal habeas petition raising claims of: (1) "ineffective assistance of trial counsel"; (2) "ineffective assistance of appellate counsel"; (3) "conviction being contrary to law"; and (4) "evidence used for conviction and unlawful and insufficient to uphold conviction." (Doc. 27 at 7). Plaintiff alleged that his claims were not frivolous and, had these claims been presented to the district court, the district court would have required the State to vacate his conviction. (*Id.*).

Plaintiff's assertion that his claims were "non-frivolous" is a legal conclusion for which he states no facts in support. Under § 2254, a federal court may not grant

relief unless the relevant state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). To allege that his § 2254 action was non-frivolous, therefore, Plaintiff was required to set forth some facts indicating that at least one of the claims he asserted in his § 2254 action was non-frivolous and possessed some arguable merit. Plaintiff's second amended complaint, however, sets forth no such facts. For example, Plaintiff does not allege how his trial counsel was ineffective. He also does not allege how his appellate counsel was ineffective. Furthermore, he does not allege how his conviction was contrary to law or how the evidence in support was insufficient.

Accordingly, it is impossible to ascertain from Plaintiff's second amended complaint the precise nature of Plaintiff's claims, much less that these claims are non-frivolous. *See Guest v. United States*, 615 F. App'x 656, 657 (11th Cir. 2015). Because the nature and non-frivolity of his underlying claims are essential elements of a "denial of access to the courts" claim, these omissions are fatal to this claim. For this reason alone, Plaintiff's claim of denial of access to the courts should be dismissed for failure to state a claim on which relief can be granted.

B.     **Denial of Due Process Claim**

Hernandez next claims that Defendants deprived him of his property without due process when they lost, stole, or destroyed his property. (Doc. 27 at 8).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects against the state depriving individuals of property without due process of law. U.S. Const. amend. XIV. An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

An adequate post-deprivation remedy for Plaintiff's loss is available under Florida law. Fla. Stat. § 768.28(1) (waiving sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property); *see e.g. Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (dismissing a prisoner's due process claim for the loss of his property in light of an adequate state remedy); *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing as frivolous prisoner's claim that prison officials deprived him of due process when they denied him access to his personal property and later denied having the property).[3] Because Florida law provides Plaintiff with a legal process to recover damages for loss of his property, he cannot state a claim that he was deprived of due

---

[3] To the extent that Plaintiff claims that Defendants *negligently* deprived him of his property, his claim fails for the additional reason that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

process. Accordingly, this claim should be dismissed for failure to state a claim on which relief can be granted.

## IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' respective motions to dismiss for failure to state a claim upon which relief can be granted, (Docs. 34, 56), be **GRANTED**.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida this 13th day of July, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**